### CITY MILK COMPANY v WELSH

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 4, 1932

l- ,l

H. P. McCoy, Youngstown, for plaintiff in error.

W. F. Yonkee, Youngstown, for defendant in error.

POLLOCK, J.

The question in this case, and the only question, is whether Small purchased this milk from the Milk Company, paying 9c a quart for it, and delivered his own milk to these customers, or whether he with his machine, was in the employ of the Milk Company, delivering the milk that was then owned by the Milk Company, and that company paying him for his services at the rate of 4c per quart.

The error complained of in the charge, the special error complained of, is that the court refused to give what is denominated as a special charge at the close of the general charge. That is excepted to, and also the general charge. At the close of the charge, when the court asked if there was anything further from the defendant, defendant, through his attorney, submitted the following request:

"Special charge requested by defendant. The court charges you that if you find that Alex Small was the owner of the milk truck at the time of the accident, and was not answerable to the Milk Company for his actions at the time of the accident, then he was not the agent and servant of the City Milk Company, and you will find for the defendant."

This was refused, possibly because the court thought that he had sufficiently charged the jury on that issue. We do not think the charge was appropriate to the issue made by the evidence, but possibly it

was nearer than the charge given by the court. The court charged the jury quite at length on the question of servant or agent, when the principal would be liable for the acts of the agent, and when he would be an independent contractor. We need not discuss this charge, whether it is a correct definition of agent and independent contractor or not, but we think that was not an issue to be determined by this jury. The charge of the court should be based on the issues as developed in the introduction of the evidence and the jury's attention should be called with appropriate explanations to the issues which they have to determine.

The only issue in this case which the jury had to determine between the parties was whether this party, Alex Small, purchased this milk that he delivered to these customers, or whether he, with his automobile, was in the employ of the Milk Company in so doing. If he purchased the milk from the Milk Company, the company had nothing to do with the operation of this machine and could not be made liable. If he was in the employ, delivering their milk, it is a very different question, a question conceded by the parties here that the company would be liable. So we think the charge in this case was not appropriate to the issues as developed by the evidence.

It appears that the next error complained of is that the verdict is manifestly against the weight of the evidence, in fact goes farther than that. It is claimed there is no evidence tending to show that this party who was delivering the milk was in the employ of the Milk Company, but that he purchased milk from it, and this court should direct a verdict. It appears that Alex Small had been for some years delivering milk to certain customers that he had in this city, and had been purchasing his milk from other parties. Some months before this accident he entered into the arrangement, which we have briefly stated, with this company and was delivering the milk on this morning when the accident occurred.

The plaintiff below called its first witness, Alex Small; in fact, the evidence in this case tending to determine the issue in the case is by Alex Small and the president of the company, Mr. M. S. Coursen. It appears in general that Mr. Small would go to the Milk Company's place of business and secure this milk each morning; that it was in bottles with the name "Coursen," which was, we suppose, the trade name of this company, on the bottle stopper, and delivered as we have said, returning any milk that was not sold on that morning and receiving credit. Any statements that were sent out were on a little statement

sheet of the company, Mr. Small saying that he prepared the statements and sent them out. Payments were made to Small and sometimes some of them at least would send checks to this Milk Company in payment. Mr. Small's machine was damaged on this morning and he was somewhat injured. After he recovered from his injuries he commenced again and continued the same business of selling milk in this way until he became indebted to the company in the amount of $2200.00. At that time the company refused to either furnish him or sell him, whichever it was, any more milk. It was straightened out by their purchasing his automobile from him, as he says, and he giving them a $500 note.

Now, these are the facts. Alex Small, as we have said, was called by the plaintiff, and he said in answer to a question very soon after he was called:

"Q. What was your business at that time?
A. Well, I was buying the City Milk and I was selling.
Q. You were then in the milk business?
A. Yes."

He goes on and tells where he got the milk and so forth, and Mr. Coursen was called and testified that he was the president and probably the general manager of this company, and that the company sold its milk to Mr. Small for the price stated and on the terms stated, and he was to return the unsold milk and get credit for it, and the bottles were marked and were the bottles of the Milk Company.

Now, this was the condition of this contract, as testified to, briefly, especially by the president of this company, and by this other party. From their general expressions, as we have said, this man was purchasing this milk, and we think the weight of the testimony tends to show that the Milk Company had no interest in this milk but it was sold to Mr. Small to do what he pleased with it, take it where he pleased, or do what he pleased. He was obliged to pay them 9c a quart. Under those circumstances the Milk Company would not be liable for this accident, but in the examination of Mr. Small—he is evidently of foreign birth and speaks at times at least quite brokenly—he does not understand questions or apparently he does not, so that frequently he does not answer them directly, and when he does answer directly he seems to be led by the question, evidently does not understand our language very well, and in answer to some questions he says he was delivering milk for this company and statements of that kind. The trouble about this evidence is he was not asked to tell the facts

but was asked to give conclusions quite frequently, and he usually gave it whichever way the tone of the question appeared, so that it leaves the evidence in this case in the condition that there was some construing and determining of the weight of the evidence, and we all know the rule that a reviewing court has not the power to enter a judgment notwithstanding the verdict if that is the case.

We think from the facts it does appear that the verdict is against the weight of the evidence, but from the condition of the record we can not say there was no evidence here to show he was an employe of the company. For that reason the case is reversed and remanded. Exceptions.

ROBERTS and FARR, JJ, concur.